**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MARIA ALICIA ESPINO AND JOSE ESPINO,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: _____** |
| | § | |
| **STATE FARM LLOYDS AND JAMES THOMAS EVANS, JR.,** | § | |
| **Defendants.** | § | |

**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

## I. INTRODUCTION

1. This is an insurance coverage and bad faith case. On or about December 30, 2014, Plaintiffs Maria Alicia Espino and Jose Espino (collectively, "Plaintiffs") filed their Original Petition in Cause No. 236-276200-14 in the 236th Judicial District Court of Tarrant County, Texas, initiating a civil cause of action against State Farm Lloyds and James Thomas Evans, Jr. (collectively, "Defendants"). Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, there is complete diversity between Plaintiffs and Defendant State Farm Lloyds. Additionally, James Thomas Evans, Jr. ("Evans") has been fraudulently joined for the purpose of defeating diversity.

3. Plaintiffs allege multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, breach

of duty of good faith and fair dealing, fraud and conspiracy to commit fraud against State Farm Lloyds. As to Evans, Plaintiffs assert claims for violations of Chapter 541 of the Texas Insurance Code, as well as fraud and conspiracy to commit fraud. Plaintiffs further allege that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. State Farm Lloyds received the Citation and Plaintiffs' Original Petition by personal delivery on or about January 23, 2015. Exhibits H and J. Evans was served with the Citation and Plaintiffs' Original Petition by personal delivery on or about January 24, 2015. Exhibits G and I. State Farm Lloyds and Evans filed their Original Answers on February 13, 2015. Exhibits K and L.

5. State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, residents of Tarrant County, Texas. Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

8. State Farm Lloyds was, at the time this action was commenced, and still is, a citizen of Illinois. Defendant is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated

association determined by citizenship of members). Exhibit M. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants. Furthermore, because Evans was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

9. Although Defendant Evans is a citizen and resident of the state of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiffs have not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.*, 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron* & *Steel Co.*, 257 U.S. 92,42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10. To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.*, 344 F.3d 458,461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must

determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Evans. *See Ross*, 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

11. In order to assert a cognizable claim, plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York*, No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.*, No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon,

J.); *Glen Willow Apartments v. Lexington Ins. Co.*, No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

12. Plaintiffs' factual allegations regarding Defendant Evans do not form the basis of an independent cause of action against him as opposed to the carrier. Rather, Plaintiffs have filed suit against Evans for the same reason that Plaintiffs filed suit against State Farm Lloyds. They are unhappy that State Farm Lloyds denied "full" payment to them.

13. Texas law does not contemplate that adjusters like Evans will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by Plaintiffs in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA)

(and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

14. Plaintiffs do not allege specific facts regarding specific misrepresentations by Defendant Evans, nor do Plaintiffs allege any specific detrimental reliance and injury from any such representation. Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc*., 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

15. Based upon the allegations in the Plaintiffs' live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Evans for Plaintiffs' Chapter 541and fraud

claims or that Plaintiffs can establish a cause of action against him in state court. Evans has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and his citizenship, therefore should be disregarded.

**B. The Amount in Controversy Exceeds $75,000.**

16. Additionally, the claims asserted by Plaintiffs exceed $75,000.00. Plaintiffs' Original Petition specifically states that Plaintiffs seek "monetary relief over $200,000 but not more than $1,000,000." Exhibit C. Plaintiffs' Civil Case Information Sheet also indicates that Plaintiffs seek damages over $200,000 but not more than $1,000,000. Exhibit D.

## III. VENUE

17. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Tarrant County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV. PROCEDURAL REQUIREMENTS

18. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

- Exhibit A: Index of Matters Being Filed;
- Exhibit B: Docket Sheet in the state court action;
- Exhibit C: Plaintiffs' Original Petition, filed in the 236th District Court of Tarrant County, Texas on December 30, 2014;
- Exhibit D: Civil Case Information Sheet, filed in the 236th District Court of Tarrant County, Texas on December 30, 2014;
- Exhibit E: Tarrant County E-Filing Service Request forms filed in the 236th District Court of Tarrant County, Texas on December 30, 2014;
- Exhibit F: Letter from Mostyn Law Firm paying jury fee filed in 236th District Court of Tarrant County, Texas on December 30, 2014;

- Exhibit G: Citation to J. T. Evans issued by the Clerk of the District Court of Tarrant County, Texas on December 30, 2014;

- Exhibit H: Citation to State Farm Lloyds issued by the Clerk of the District Court of Tarrant County, Texas on December 30, 2014;

- Exhibit I: Affidavit of Service served on James Thomas Evans, Jr. on January 24, 2015, filed in the 236th District Court of Tarrant County, Texas on January 27, 2015;

- Exhibit J: Affidavit of Service served on State Farm Lloyds on January 23, 2015, filed in the 236th District Court of Tarrant County, Texas on January 27, 2015;

- Exhibit K: Defendant State Farm Lloyds' Original Answer filed in the 236th District Court of Tarrant County, Texas on February 13, 2015;

- Exhibit L: Defendant James Thomas Evans, Jr.'s Original Answer filed in the 236th District Court of Tarrant County, Texas on February 13, 2015;

- Exhibit M: Affidavit of Jim Larson; and

- Exhibit N: List of Counsel of Record.

19. This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

20. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

22. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 236th Judicial District Court of Tarrant County, Texas promptly after filing of same.

23. Plaintiffs have made a jury demand.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 236th Judicial District Court of Tarrant County, Texas be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully Submitted,

*/s/ W. Neil Rambin*

W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
neil.rambin@sedgwicklaw.com

OF COUNSEL:

L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 227-8200
(469) 227-8004 (Fax)

**ATTORNEYS FOR DEFENDANT STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

This is to certify that on February 20, 2015, I caused to be electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system which will serve notice on all counsel of record, as listed below:

***Via Electronic Filing Service***

J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

/s/ *W. Neil Rambin*
W. Neil Rambin